IVA T. GALO and PEATA GALO, personally, as personal representatives of the Estate of DAVID GALO, Deceased, and as Guardians ad Litem of FA`AFAGA GALO and MALAE aka PATISEPA GALO, Minor Children, Plaintiffs

v.

AMERICAN SAMOA GOVERNMENT, Defendant

High Court of American Samoa
Trial Division

CA No. 113-87

March 8, 1989

Before REES, Associate Justice, TAUANU`U, Chief Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiffs, Asaua Fuimaono
        For Defendant, Robert Dennison, Assistant Attorney General

On Motion to Allocate Funds and for Approval of Attorney Fees:

This action arose from the death of infant David Galo shortly after his birth at the Lyndon Baines Johnson Tropical Medical Center. Defendant American Samoa Government negotiated a settlement with the single attorney who was representing all

parties including the minor children. The attorney now files a request for the following distribution of the $25,000 settlement:

| | |
|---|---:|
| Peata Galo (father) | $ 9,000 |
| Iva Galo (mother) | 9,000 |
| Patisepa Galo (minor child) | 1,000 |
| Fa`apiano Galo (minor child) | 1,000 |
| Fa`afaga Galo (minor child) | 0 |
| Attorney Fees | 5,000 |

Fa`apiano Galo is a child born to Iva and Peata Galo two years after the death of David. He is not a plaintiff in this action. The attorney has not requested any funds for Fa`afaga Galo, who is a plaintiff and for whom Iva and Peata Galo have been appointed Guardians ad Litem, on the ground that Fa`afaga has been adopted by another family. The attorney requests that the bulk of the settlement be given to the parents, with only a token amount for the children, so that the parents can purchase a piece of property.

There are several things wrong with the proposed distribution.

First, although it is possible to construct an argument that Fa`apiano has suffered injury during his lifetime from an event that occurred two years before he was born, counsel has not bothered to do so. Indeed, Fa`apiano was never named as a plaintiff in the action. Counsel proceeds instead on a theory that the Court should treat Fa`apiano as having stepped into the shoes of plaintiff Fa`afaga as a result of the adoption of the latter and the birth of the former.

This raises the second problem: although Iva and Peata Galo did relinquish their parental rights so that Fa`afaga could be adopted by another family, they did not thereby terminate his status as the brother of David. Nor was there an end to the status of Iva and Peata as guardians ad litem for Fa`afaga (a status described in the order drafted by their attorney as "Personal Representative of . . . their other children FA`AFAGA GALO and MALAE GALO."). Despite the termination of their legal rights and obligations as the parents of Fa`afaga, the parents and their attorney continued to have a fiduciary relationship to the child as his guardians ad litem or "personal representatives." The principal obligation imposed

by that relationship was the vigorous protection of the child's interests in connection with this lawsuit, especially insofar as these interests might conflict with their own.

It does not seem unreasonable to maintain that a child suffers less by the death of his brother when the brother does not live in the same household. For the child's guardians and their counsel to treat the child's interests as worth exactly nothing, however, was inconsistent with their fiduciary obligation to him. This is particularly true insofar as the result of disregarding Fa`afaga's interests was to leave more money to be distributed among other family members including the guardians themselves. Although the guardians may not have understood this, their attorney should have advised them of it rather than simply acquiescing in their request to eliminate Fa`afaga from the proposed distribution.

Finally, the parents' intention to make use of the settlement in a way that will benefit the whole family is insufficient reason to award them a greater portion of the settlement, and the children a lesser portion, than reflects the injuries actually suffered by the various parties on account of David's death. (This is not to say that the result desired by the parents was impossible to achieve. Upon a showing that the proposed purchase would be the best possible use of funds to which the children are rightfully entitled, the Court would presumably authorize such use subject to appropriate safeguards of the children's interest in the property. Again, the attorney should have known the difference.)

As it happens, we believe that the parents are entitled to a larger share than the children, not because of what they intend to do with the money but because they are likely to have suffered more by David's death. Indeed, the complaint states a cause of action for Iva Galo's pain and suffering during labor as well as upon the death of her child. Also, as the sole legal heirs of David Galo his parents were appointed his personal representatives in this action. See A.S.C.A. §§ 40.0201(d), 43.5002. As such they are entitled to recover for the pain and suffering of David himself before his death and for medical and funeral expenses. See A.S.C.A. § 43.5001(b), 43.5002;

97

Fa'avae v. American Samoa Power Authority, 5 A.S.R.2d 53 (1987).

Accordingly, we order the settlement funds distributed as follows:

| | |
|---|---|
| Iva Galo | $ 8000 |
| Peata Galo | 5000 |
| Iva & Peata Galo as personal representatives of David Galo | 4000 |
| Patisepa Galo | 3000 |
| Fa`afaga Galo aka Fa`afaga Gaoa | 2000 |
| Attorney Fees | 3000 |

The original proposed distribution allocated a $5000 attorney fee. This is 20% of the total settlement, the statutory maximum in cases against the government that are resolved by settlement. A.S.C.A. § 43.1213. Under the circumstances of this case, including the attorney's total failure to represent one of his four clients and his failure to advise his other clients with respect to their fiduciary obligations, $3000 is the largest fee we can possibly approve.

The funds to be distributed to Patisepa and Fa`afaga should be deposited in the registry of the Court, where a trust account will be established for them with the guardians ad litem as trustees, or in some other trust account approved in advance by the Court.

At the request of counsel for the government and without objection from plaintiffs, the settlement agreement approved by the Court is amended to correct a typographical error. The amendment is to replace the name "Fa`afetai" with "Fa`afaga" wherever it appears.

It is so ordered.